**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

STEFANO CAFISO, on behalf of himself
and all others similarly situated,

                    Plaintiffs,

          -against-

FIRSTSOURCE ADVANTAGE, LLC,

                    Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff STEFANO CAFISO (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Joseph H. Mizrahi Law, P.C., against Defendant FIRSTSOURCE ADVANTAGE, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**7.** Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in Amherst, New York.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**CLASS ALLEGATIONS**

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to American Express, that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §§1692g and 1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are

3

entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO STEFANO CAFISO

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid balance allegedly owing to American Express.

17. On or around February 21, 2017, Defendant sent Plaintiff a collection letter. *See* Exhibit A.

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. Defendant's February 21, 2017 Collection Letter provides that the Account Balance is $5,039.26.

21. Defendant's February 21, 2017 Collection Letter further states: "The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations."

22. Thereafter, on or about March 27, 2017, Defendant sent Plaintiff a Second Letter. *See* Exhibit B.

23. That Letter, although explicitly following up on the initial communication sent by Defendant,

5

purported to be directly from American Express.

24. As set forth in the following Counts Defendant violated the FDCPA.

## First Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

27. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

28. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that the account balance stated above was "subject to timing and system limitations." As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

29. The Collection Letter states that the "interest accrued," "non-interest charges or fees accrued since charge-off" and "total payments made since charge-off" is "$0.00."

30. Further down the page, however, the Collection Letter states that "[t]he above reflects the post charge-off activity we received from original creditor American Express and as such is subject to timing and system limitations."

31. Based on the itemization language, the amount of interest and fees the Plaintiff may owe in the future is either $0.00, as stated in the letter, or some larger amount.

32. If that amount is more than $0.00, the Defendant is required to inform Plaintiff and the least

sophisticated consumer that there may be a variation.

33. In a recent Second Circuit decision, the Court in *Avila v. Riexinger & Associates, LLC* held that the FDCPA does not only require disclosure of "the amount of the debt." 2016 U.S. App. LEXIS 5327, at *7 (2d Cir. 2016). The Court instead adopted the Seventh Circuit's "safe harbor approach" formulated in *Miller v. Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), which was intended to address the concern that including information regarding accruing interest and fees in a collection notice could deceitfully coerce consumers and invite abuse. While the Court did not require a debt collector to use the "safe harbor approach" in order to comply with §1692e, the Court held that a debt collector will not violate § 1692e if either: (1) the collection notice states that the amount of debt will increase over time, or (2) clearly states that the debt collector will accept the amount stated in the notice in full satisfaction of the debt if payment is made by a specific date.

34. This type of language is clearly absent from the Collection Letter at issue.

35. A statement that the itemization is subject to "timing and system limitations" does not inform the least sophisticated consumer that the amount of debt will increase over time.

36. Furthermore, "timing and system limitations" is an extremely ambiguous phrase, subject to a myriad of interpretations.

37. Nor does the phrase clearly inform the least sophisticated consumer that interest and fees may continue to increase over time if the debt is not timely paid.

38. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Second Count**
**15 U.S.C. §1692g and §1692e *et seq*.**
**Failure to Adequately and Honestly Convey the Amount of the Debt**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

43. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

44. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

45. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

46. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

47. The failure to include the foregoing information renders an otherwise accurate statement of the

"amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

48. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

50. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

52. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

53. The Letter failed to inform Plaintiff whether the amount listed is the actual amount of the debt due.

54. The Letter merely states that the "above reflects the post charge-off activity…and as such is subject to timing and system limitations."

55. The Letter failed to inform Plaintiff what those "timing and system limitations" are.

56. The Letter failed to inform Plaintiff whether those "timing and system limitations" refer to accruing interest.

57. The Letter failed to inform Plaintiff whether those "timing and system limitations" have already caused the "above" amount to increase.

58. The Letter failed to inform Plaintiff whether those "timing and system limitations" will cause the "above" amount to increase in the future.

59. The Letter failed to inform Plaintiff when those "timing and system limitations" will cause the "above" amount to change.

60. The Letter failed to inform Plaintiff of the nature of the "timing and system limitations."

61. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

62. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

63. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

64. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

65. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

66. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

67. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

68. If "timing and system limitations" are causing the amount listed to increase, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of same."[1]

---

[1] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the

69. The Defendant's failures are purposeful.

70. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

71. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

72. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

73. The Letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

74. Defendant's conduct constitutes a false, deceptive, and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

75. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which is inaccurate, in violation of 15 U.S.C. § 1692e.

76. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

77. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

78. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

---

balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in *Carlin*, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform the [Plaintiff] that the amount of the debt stated in the letter will increase over time.") consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

79. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

80. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

81. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

82. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

83. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.

84. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently.

85. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

86. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

87. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

88. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Sections 1692*g and 1692e* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Third Count
### 15 U.S.C. §1692e, *et seq.*
### False or Misleading Representations

89. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "88" herein with the same force and effect as if the same were set forth at length herein.

90. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

91. The Letters display the distinctive square shaped American Express logo and even displays in encircled "R" to denote the use of a registered trademark.

92. The American Express logo appears on the top letterhead and also again on the bottom portion of the Letters in a payment "stub" which is meant to be detached and mailed with payment. Within each logo the text "AMERICAN EXPRESS" appears in prominent bold lettering.

93. The Letter states it is in reference to an "American Express account" with a "balance owed" and offers to settle the alleged debt.

94. The Letter is also signed "Sincerely, American Express Global Collections."

95. The numerous and explicit references to "American Express" are meant to instill in the recipient that the letter was actually created and sent by the alleged original creditor, American Express. In reality, the Letter was sent by Defendant, a third-party debt collector, who sent the Letter as American Express in an effort to evade compliance with state and federal debt collection laws.

96. Upon information and belief, the Collection Letters were in fact mailed by Defendant.

97. Defendant intentionally masquerades as American Express and uses its logo on its  Collection Letters to deceive Plaintiff, and similarly situated  consumers, into believing: (i)  that the Letters were prepared and sent by American Express; (ii) that American Express can be reached at the addresses on the Letters; (iii) that any payment sent to those addresses would be received by American Express; (v) that American Express was attempting to collect the debt referenced therein rather than a third-party debt collector.

98. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; 15 U.S.C. § 1692e(9) by the use and distribution of any written communication which creates a false impression as to its source, authorization, or approval; 15 U.S.C. § 1692e(10) though the  use of a false representation or deceptive means to collect or attempt to collect a debt or to  obtain information from a consumer; 15 U.S.C. § 1692e(14) by the use of any business,  company, or organization name other than the true name of the debt collector's business or company.

99. The Collection Letters were also "communications" as that term is defined by 15 U.S.C. § 1692e(11). The Letters fail to disclose that Defendant is a debt collector, that the Letter is an attempt to collect a debt by a debt collector or that any information obtained will be used for the purpose of debt collection.

100.    Through this conduct, Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose.

101.    Defendant's violations of the FDCPA caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity in violation of the Plaintiff's  statutorily created rights to be free from such illegal debt collection tactics, by depriving the  Plaintiff of

information to which he has a legal right to, creating the risk that the Plaintiff  may pay a debt he may not have otherwise chosen to pay, and by causing the Plaintiff to be  subject to false, deceptive, abusive, unfair, and unconscionable means to collect a debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   Brooklyn, New York
        September 18, 2017

                           Respectfully submitted,

                           By:_ /s/ Joseph H. Mizrahi_____
                           Joseph H. Mizrahi, Esq.
                           Joseph H. Mizrahi Law, P.C.
                           337 Avenue W, Suite 2F
                           Brooklyn, New York 11223
                           Phone: (917) 299-6612
                           Fax:   (347) 665-1545
                           Email: Jmizrahilaw@gmail.com
                           *Attorneys for Plaintiff*

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:    Brooklyn, New York
          September 18, 2017